IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01546-RM-MEH

ADRIAN SMITH,

      Plaintiff,

v.

MARTINEZ, Correctional Officer, and
GODFREY, Correctional Officer,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failures to appear at the

Scheduling/Status Conference held on October 8, 2015 and to respond to this Court's order to show

cause. The Court recommends that, for the reasons stated herein, this case be **dismissed with**

**prejudice**.[1]

The Plaintiff originated this action on July 21, 2015 and is proceeding *pro se* and *in forma*

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

*pauperis*.  Dockets ## 1, 4.  On July 24, 2015, the Court granted service of process by the U.S. Marshal and set the Scheduling/Status Conference in this case for October 8, 2015.  Dockets ##9, 11.  The Court notes that the record reflects these orders, mailed to the Plaintiff at the address he provided the Court, were returned as "undeliverable."  Dockets ## 13, 14.  Moreover, nothing in the record demonstrates that the Defendants have been yet served in this case.  Neither the Plaintiff nor the named Defendants appeared at the Status Conference on October 8, 2015.  Docket #22.

Consequently, this Court ordered Plaintiff to show cause on or before October 30, 2015 why this case should not be dismissed for his failure to prosecute the action. Docket #24.  Plaintiff was advised that his failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute.  *Id.*  The record reflects that the order was returned to the Court as "undeliverable."  Docket #27. The Plaintiff did not respond.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence.  By order of this Court, Plaintiff was to appear for a Status Conference on October 8, 2015.  As noted previously, Plaintiff did not appear.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants.  *See Green v.  Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file

a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte*

for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312

F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction

and, generally, requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v.*

*Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009).  The Tenth Circuit set

forth a non-exhaustive list of factors a district court should consider when evaluating grounds for

dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the

amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the

court warned the party in advance that dismissal of the action would be a likely sanction for

noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921

(10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their

merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007)

(quoting *Ehrenhaus,* 965 F.2d at 921).

The Court finds the first factor is neutral since, although the Defendants have been named

in a lawsuit, Plaintiff has taken no action them.  However, Plaintiff's lack of response to this Court's

orders and his failure to participate has interfered with the judicial process in that the Court has been

unable to advance this case.  Additionally, the necessity of issuing an Order to Show Cause increases

3

the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident.  Plaintiff was warned in the Order to Show Cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response.  Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here.  The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical.  The Court concludes that dismissal with prejudice is the appropriate result.

In sum, the Plaintiff appears to have abandoned his claims in this matter.  He has failed to prosecute the case with due diligence by his failures to appear at the Status conference and to respond to this Court's order to show cause. All mailings from this Court have been returned as "undeliverable."   For these reasons alone, dismissal of this action against the Defendants is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 4th day of November, 2015, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

4