### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 15-cv-01546-RM-MEH

ADRIAN A. SMITH,

    Plaintiff,

v.

MARTINEZ, Correctional Officer, and
GODFREY, Correctional Officer,

    Defendants.

---

## ORDER
---

This matter is before the Court on the Recommendation of United States Magistrate Judge ("Recommendation") (ECF No. 28) issued on November 4, 2015, to dismiss Plaintiff's case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court has conducted a *de novo* review of the matter and, upon such review, modifies the Recommendation and dismisses this case.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action on July 21, 2015, complaining Defendants violated his Eighth Amendment Right to be free from cruel and unusual punishment. (ECF No. 1 at 3.) The Court file shows the following.

1. On July 21, 2015, Plaintiff filed a motion for leave to proceed under 28 U.S.C. § 1915. (ECF No. 3.) Magistrate Judge Gallagher granted Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915. That order was returned as undeliverable, with

markings indicating Plaintiff was "Paroled" and the facility "REFUSED" to accept the returned envelope. (ECF No. 15.);

2. On July 24, 2015, Magistrate Judge Michael E. Hegarty set the matter for a preliminary scheduling/status conference on October 8, 2015. (ECF No. 9.) That order was returned as undeliverable, with markings indicating Plaintiff was "Paroled" and the facility "REFUSED" to accept the returned envelope. (ECF No. 13.);

3. On July 24, 2015, Magistrate Judge Hegarty granted service of the Complaint via United States Marshal. (ECF No. 11.);

4. On August 25, 2015, the summonses to Defendants were returned as unexecuted. (ECF Nos. 18; 19; 20.);

5. On September 9, 2015, the unexecuted summonses to Defendants were returned as undeliverable to Plaintiff. (ECF No. 21.);

6. On October 8, 2015, Magistrate Judge Hegarty held a status conference in this matter. (ECF No. 22.) Plaintiff did not appear. (ECF No. 22.);

7. On October 9, 2015, Magistrate Judge Hegarty ordered Plaintiff to show cause as to why the court should not recommend dismissal of the matter for Plaintiff's failure to prosecute. (ECF No. 24.) Plaintiff was given until October 30, 2015 to respond to this show cause order. (ECF No. 24.);

8. The orders reflecting the status conference and show cause order were returned as undeliverable. (ECF Nos. 26; 27.) The envelopes were returned as undeliverable, with markings indicating Plaintiff was "Paroled" and the facility "REFUSED" to accept the returned envelope. (ECF Nos. 26; 27.);

9. By recommendations dated November 4, 2015, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice for failure to prosecute. (ECF No. 28.) This recommendation was returned as undeliverable with markings indicating Plaintiff was "Paroled" and the facility "REFUSED" to accept the returned envelope. (ECF No. 29.)

That Recommendation, however, did not accurately inform Plaintiff of his right to object. (ECF No. 28.)

## II. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are, however, two exceptions to the firm waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson,* 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks and citation omitted).

B.   **Pro Se Status**

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleadings and other filings liberally, and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for a party in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10-cv-00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *adopted in* 2010 WL 4449729 (D. Colo. Nov. 1, 2010).

### C.  Dismissals for Failure to Prosecute or Comply with Procedural Rules

"'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)).  "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* (internal quotation marks and citation omitted).  "A dismissal with prejudice, on the other hand, is a harsh remedy," and the district court should usually first consider the following non-exhaustive list of factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 1236 n.2 (internal quotation marks and citation omitted).[1]

### III.  ANALYSIS

In this case, the Magistrate Judge's Recommendation did not accurately inform Plaintiff of his right to object and the consequences of that failure, *i.e.*, that Plaintiff may be barred from "appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court." (ECF No. 28 at 1 n.1.)  The Court finds, however, the appeal of legal questions may also be barred.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Bhomengo v. Hosp. Shared Servs., Inc.*, 543 F. App'x 812, 814 (10th Cir. 2013).  The Recommendation is therefore modified accordingly.  Thus, the firm waiver rule does not apply, *Moore,* 950 F.2d at 659, and the Court will conduct a *de novo* review to determine whether dismissal of Plaintiff's Complaint is warranted.

---

[1] Commonly referred to as the "*Ehrenhaus*" factors.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Pursuant to D.C.COLO.LAttyR 5(c), an unrepresented party is required to file a notice of change of mailing address within five days after the change. In this case, Plaintiff failed to do so, as evident from the continued return of mailings from the court to the only address Plaintiff provided. Thus, the Court finds Plaintiff has failed to follow the Local Rules.

Similarly, Plaintiff has failed to prosecute his case with due diligence. Pursuant to D.C.COLO.LCivR 41.1, an order to show cause may be issued as to why a case should not be dismissed for failure to prosecute or failure to comply with these rules. Here, an Order to Show cause was issued on October 9, 2015, for failure to prosecute because Plaintiff failed to act after filing his case in July 2015. Plaintiff's failures to respond, along with his failure to provide the court with his current address, support a finding that he has failed to prosecute this case and the Complaint should be dismissed.

Further, an examination of the *Ehrenhaus* factors supports a dismissal with prejudice is appropriate.

First, Plaintiff's failure to serve Defendants has not caused them to suffer actual prejudice by Plaintiff's apparent abandonment of this action. Second, Plaintiff has interfered with the judicial process by increasing the workload of the court and interfering with the administration of justice, as demonstrated by the orders which the court has had to issue to which Plaintiff has failed to respond. Third, the court has expressly ordered Plaintiff to respond to more than one order, and to comply with his obligations under the Federal Rules of Civil Procedure and the court's Local Rules. Plaintiff's failure to respond to any of the court's orders supports a finding that Plaintiff is culpable under the circumstances. Fourth, the show cause order warned Plaintiff in advance that the failure to prosecute would result in the recommendation that the Complaint be dismissed in its entirety. Finally, with regard to the efficacy of lesser sanctions, the Court

finds dismissal with prejudice is proper. Plaintiff has failed to prosecute his case with due diligence, has failed to comply with the Federal Rules of Civil Procedure and the Local Rules, and has failed to respond to the court's orders. Accordingly, the Court finds dismissal on the merits is warranted under the *Ehrenhaus* factors.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED**

1. That the Recommendation (ECF No. 28) of dismissal is hereby **MODIFIED**;
2. That Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; and
3. That the Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff.

DATED this 9th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge